FILED
DEC 0 7 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEATRICE LEONARD, | 06CV6776 |
| Plaintiff, | JUDGE GOTTSCHALL |
| v. | MAGISTRATE JUDGE KEYS |
| OAK PARK OPEN MRI, an Illinois Corporation, | JURY DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff, BEATRICE LEONARD, by and through her attorneys, Seyfarth Shaw LLP, and for its Complaint against Defendant, OAK PARK OPEN MRI, states as follows:

### Nature of Action

1. This is an action for declaratory, injunctive, and compensatory relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### Parties

2. Plaintiff, Beatrice Leonard, is a citizen of Illinois, with her residence in Oak Park, Illinois.

3. Since the age of 12, Ms. Leonard has been blind with limited light perception. Because she is blind, Ms. Leonard is a qualified individual with disabilities under the ADA, because her physical condition substantially limits the major life activity of seeing.

4. Because she is blind, Ms. Leonard uses a service dog for mobility assistance.

5. Defendant, Oak Park Open MRI, is located at 7035 W. North Ave., Oak Park, Illinois, and is an Illinois corporation licensed and doing business in Illinois and this judicial district.

CHI 11141375.1

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. The claims made in this action arose within this judicial district.

8. Venue is proper in this judicial district.

## Factual Background

9. On November 21, 2005, Ms. Leonard called Defendant, Oak Park Open MRI, to schedule an appointment for an MRI on her left leg, the MRI having been ordered by her physician, Dr. Cristine Villosch.

10. While scheduling the appointment, Ms. Leonard informed the scheduler that she was blind and that she had a service dog. She specifically requested an early appointment because of her transportation issues associated with being blind.

11. On November 23, 2005, Ms. Leonard arrived by Pace ADA Service bus for West Cook County for her MRI appointment at approximately 9:45 a.m. and attempted to enter the Oak Park Open MRI facility through the front door.

12. The bus driver held the door open for Ms. Leonard and her service dog; however, Ms. Leonard was told by an Oak Park Open MRI employee that she could not bring her service dog into the facility.

13. Ms. Leonard explained to the receptionist that the dog was a working dog and that she had with her appropriate identification for the dog,. Nevertheless, Ms. Leonard and her service dog were refused entry to the facility and she was told to leave.

14. Another Oak Park Open MRI employee then told Ms. Leonard that she had to leave.

2

CH1 11141375.1

15. Ms. Leonard attempted then to explain that she had previously had an MRI at another facility with her service dog present, but the Oak Park Open MRI employee had stopped speaking to Ms. Leonard. Instead, the employee began addressing the bus driver.

16. Ms. Leonard asked the Oak Park Open MRI employee to speak directly to her, and not to the bus driver who was a stranger to her and not involved in her treatment.

17. She reiterated to the Oak Park Open MRI employee that she had explained that she was blind when scheduling the MRI appointment.

18. Continuing to address the bus driver—and not Ms. Leonard—the Oak Park Open MRI employee said, "I don't care what you do, but she surely cannot come back here with me."

19. At no time did any Oak Park Open MRI employee listen to Ms. Leonard's explanation of how the MRI procedure had been handled before at another facility in a way that accommodated her and her service dog. Neither did any Oak Park Open MRI employee listen to Ms. Leonard when she attempted to explain how the necessary forms could be completed.

20. Ms. Leonard then left the facility with the bus driver who had driven her there. The bus driver told Ms. Leonard that the Oak Park Open MRI employees had looked at her "like she was from Mars."

21. On December 20, 2005, Ms. Leonard's previous attorney, Patricia A. Motto, sent a letter (attached as Exhibit A) to Oak Park Open MRI, identifying herself as Ms. Leonard's attorney and seeking resolution of the matters described above.

22. A reply letter dated January 3, 2006 was sent to Patricia A. Motto from Philip Heckedorn, identifying himself as a Vice President of Oak Park Open MRI.

23. In his letter (attached as Exhibit B), Mr. Heckedorn apologized for Ms. Leonard's inconvenience resulting from the her experience at Oak Park Open MRI on November 23, 2005.

CH1 11141375.1

24. Mr. Heckedorn went to state in his letter that his staff was concerned with "the animal's safety." Nowhere in his letter does Mr. Heckedorn address concerns about Ms. Leonard's safety.

25. In the letter, Mr. Heckedorn acknowledges that his staff has since verified through veterinary clinics and physician radiologists that there are no known adverse effects to dogs inside the MRI.

26. Ms. Leonard's service dog is hers; it is not the property of Oak Park Open MRI. Concerns about the safety of Ms. Leonard's service dog are, likewise, hers, not Oak Park Open MRI's.

27. Eventually, Ms. Leonard, accompanied by her service dog, had her MRI taken at another facility, having been denied access by Oak Park Open MRI.

## Cause of Action

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. Ms. Leonard is a qualified individual with a disability.

30. Oak Park Open MRI is a "public accommodation" under Title III of the ADA.

31. Ms. Leonard requested permission to use her service animal at Oak Park Open MRI.

32. Defendant's actions, in refusing to accommodate Ms. Leonard's disability by failing to permit her the use of her service dog, constitute actionable discrimination against Ms. Leonard, a qualified individual with a disability, in violation of the Americans with Disabilities Act.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this court:

A. Declare that Defendant's policy barring the use of service dogs by persons with disabilities violates the ADA;

B. Issue a permanent injunction requiring that Plaintiff and other disabled persons be permitted to use service dogs during any treatment at Oak Park Open MRI;

C. Issue a permanent injunction requiring Oak Park Open MRI to promulgate and comply with nondiscriminatory policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access to individuals with disabilities and their guide dogs;

D. Award Plaintiff compensatory damages in an amount to be determined at trial;

E. Award Plaintiff costs and reasonable attorneys' fees; and

F. Award other such relief which this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**BEATRICE LEONARD**

By: _____
One of her Attorneys

Douglas A. Darch
Brad Fiorito
Andrew Parial
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

5

CH1 11141375.1